**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2366
_____

ELISEO DANIEL US MARROQUIN,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review from the
Board of Immigration Appeals
No. A087-164-516
Immigration Judge: David Cheng
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 8, 2021

Before: SMITH, *Chief Judge*,* McKEE, and AMBRO, *Circuit Judges*

(Filed: September 1, 2022)
_____

OPINION**
_____

SMITH, *Chief Judge.*

_____

* Judge Smith was Chief Judge at the time this appeal was submitted. He completed his term as Chief Judge and assumed senior status on December 4, 2021.
** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Eliseo Daniel Us Marroquin, a native and citizen of Guatemala, petitions for review of the decision by the Board of Immigration Appeals (BIA) to dismiss his appeal from the denial by the Immigration Judge (IJ) of his application for cancellation of removal. For the reasons that follow, the petition will be dismissed in part and denied in part.

I.

After Marroquin was issued a notice to appear (NTA), he conceded removability and applied for cancellation of removal. The IJ conducted a hearing and concluded that Marroquin failed to meet his burden to show continuous physical presence in the United States for the 10 years leading up to the cancellation application. *See* 8 U.S.C. § 1229b(b)(1)(A). The IJ further concluded that, even assuming Marroquin had met his burden on the 10-year requirement, he did not establish that his removal would cause exceptional or extremely unusual hardship to his two United States citizen children. *See* 8 U.S.C. § 1229b(b)(1)(D). The IJ therefore denied relief.

The BIA adopted and affirmed the IJ's hardship determination. It concluded that the IJ's factual findings were not clearly erroneous and, in light of them, Marroquin did not meet his burden of proof. Because the hardship determination was dispositive, the BIA declined to reach the issue of Marroquin's claimed 10-year continuous presence in the United States. The BIA also rejected Marroquin's contention that the IJ had been biased against him, observing that Marroquin had been represented by counsel, had a full and fair hearing, and that the record was adequately developed.

Marroquin timely filed this petition for review.

2

## II.

Marroquin contends that the BIA's hardship determination under

§ 1229b(b)(1)(D) is not supported by substantial evidence. We have long held that the

hardship component of a cancellation-of-removal application is a "quintessential

discretionary judgment" that is unreviewable pursuant to 8 U.S.C. § 1252(a)(2)(B)(i).

*Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 179 (3d Cir. 2003).  In *Patel v. Garland*,

142 S. Ct. 1614 (2022), the Supreme Court further concluded that in "discretionary-relief

proceedings . . . enumerated in § 1252(a)(2)(B)(i)," such as cancellation of removal under

§ 1229b, we lack jurisdiction to review not only any underlying discretionary

determinations such as hardship, but also "facts found as part of discretionary-relief

proceedings." *Id.* at 1627.  Accordingly, judicial review of the BIA's hardship

determination is barred.

Marroquin argues, however, that the BIA committed legal error by failing to

consider all the hardship factors and their cumulative effect.  He submits this presents

questions of law that we have jurisdiction to address under § 1252(a)(2)(D).  *See Pareja*

*v. Att'y Gen.*, 615 F.3d 180, 186 (3d Cir. 2010).  We retain "narrowly circumscribed"

jurisdiction to review "colorable [constitutional] claims or questions of law."  *Id.* at 186

(omitting internal quotation marks and citation); *see* 8 U.S.C. § 1252(a)(2)(D).  But

arguments "that an Immigration Judge or the BIA incorrectly weighed evidence, failed to

consider evidence or improperly weighed equitable factors are not questions of law under

§ 1252(a)(2)(D)." *Jarbough v. Att'y Gen.*, 483 F.3d 184, 189 (3d Cir. 2007).

Consideration of the substance of Marroquin's argument reveals that Marroquin merely

3

disagrees with the manner in which the BIA and IJ weighed the evidence in his case. Because he does not present a question of law, we lack jurisdiction under § 1252(a)(2)(D).

Marroquin next contends that the BIA erred by rejecting his constitutional claim that the IJ deprived him of a neutral hearing. Specifically, during the hearing, the IJ requested additional evidence about Marroquin's ex-wife's medical diagnosis rather than relying on copies of her medical records and medical test results, noting that they were unexplained and largely illegible. Although counsel did not object at the time, Marroquin now contends that this request reflects a "hostile attitude." Pet'r Br. 28. In addition, Marroquin contests the IJ's decision to question his ex-wife when she took the stand in his support.

We have jurisdiction to review Marroquin's constitutional claim. *See Sukwanputra v. Gonzales*, 434 F.3d 627, 633 (3d Cir. 2006). Before the IJ, Marroquin had a due process right to a full and fair hearing and a reasonable opportunity to present evidence on his behalf, as well as a decision by a neutral and impartial arbiter. *See Serrano-Alberto v. Att'y Gen.*, 859 F.3d 208, 213 (3d Cir. 2017).

The IJ's request for an explanation of the largely illegible and highly technical medical records was reasonable. Moreover, it was not improper for the IJ to direct questions to Marroquin's witness.[1] Indeed, the IJ had statutory authority to ask questions

---

[1] The IJ's questions primarily concerned an instance in which Marroquin's ex-wife obtained a restraining order against him. The questions sought clarification about dates and motivations and did not constitute improper "cross-examination." *See* Pet'r Br. 25.

4

of her.  *See* 8 U.S.C. § 1229a(b)(1) ("The immigration judge shall administer oaths, receive evidence, and interrogate, examine, and cross-examine the alien and any witnesses.").  The record reflects that the IJ permitted Marroquin ample time to present his case, and there is no evidence of hostility or prejudgment.  In short, Marroquin's due process claim is meritless.

Finally, Marroquin argues that the IJ erred by requiring additional corroboration relevant to the continuous-physical presence requirement.  He also argues for the first time that he was issued a defective NTA, which did not include a time or date for the hearing and therefore did not trigger the "stop time" rule.  *See Guadalupe v. Att'y Gen.*, 951 F.3d 161, 164 (3d Cir. 2020).  But because Marroquin has not raised any meritorious legal question that would call into doubt the BIA's dispositive hardship determination, we need not reach those issues.

### III.

For the foregoing reasons, we will dismiss the petition in part because we lack jurisdiction over Marroquin's claims concerning the BIA's hardship determination.  Because we have jurisdiction over his constitutional claims, we will deny the petition in part for lack of sufficient merit.